**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4312

BOBBY FORRESTER SPOONE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-98-178)

Submitted: October 5, 1999

Decided: October 20, 1999

Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby Forrester Spoone, Jr., pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994). The district court sentenced Spoone to imprisonment for 188 months. We vacated and remanded based on an inconsistency between Spoone's base offense level and his criminal history category. On remand, the district court adjusted Spoone's criminal history category to level V and resentenced him to 180 months imprisonment.

Following Spoone's notice of appeal, his counsel has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but raises the following issue: whether the district court erred in sentencing Spoone to 180 months imprisonment. The United States declined to file a brief, stating that it agreed with the conclusion that no meritorious issues existed for appeal. Spoone filed a supplemental brief in which he challenged the underlying facts of his conviction.

This court has previously noted that Spoone is precluded from challenging his conviction by the terms of his plea agreement. <u>See</u> <u>United States v. Spoone</u>, No. 98-4570, slip op. at 3 (4th Cir. Feb. 5, 1999) (unpublished). Furthermore, the district court's modification of Spoone's criminal history category to level V brings Spoone's sentence into full compliance with <u>U.S. Sentencing Guidelines Manual</u>, § 4B1.4 (1997), and 18 U.S.C. § 924(e)(1994).

We have also examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

2